IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 1, 2024

## FRANKLIN COMMUNITY DEVELOPMENT v. DARLENE LEE

**Appeal from the Circuit Court for Maury County**
**No. 17663            David L. Allen, Judge**

---

### No. M2024-00191-COA-R3-CV

---

This case involves an unlawful detainer action filed by a community development center against a tenant for failure to pay rent and for unruly conduct. The detainer action ultimately resulted in the tenant's eviction and a monetary judgment against the tenant for delinquent rent payments. The tenant now appeals the judgment of the trial court. Because the tenant's appellate brief does not comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6, we hereby dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and KENNY ARMSTRONG, JJ., joined.

Darlene G. Lee, Murfreesboro, Tennessee, Pro Se.

Anthony M. Noel and Laura E. Bassett, Brentwood, Tennessee, for the appellee, Franklin Community Development.

### MEMORANDUM OPINION[1]

---

[1] Tennessee Court of Appeals Rule 10 provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## 1. Factual and Procedural Background

On November 20, 2023, Franklin Community Development ("FCD") initiated, in the Maury County General Sessions Court, an unlawful detainer action against a tenant, Darlene Lee, who was residing in one of its facilities in Columbia, Tennessee. FCD sought and received a judgment against Ms. Lee for unpaid rent and possession of Ms. Lee's living quarters. Ms. Lee, appearing *pro se*, appealed the detainer action to the Maury County Circuit Court ("trial court"). After a hearing conducted on January 11, 2024, the trial court dismissed Ms. Lee's appeal and ordered a judgment "in the amount of $2795.50 in delinquent rent plus Court costs in the amount of $219.00." Ms. Lee sought a stay of execution of the judgment from the trial court, which the court denied on February 12, 2024. In the order denying the stay, the trial court stated that Ms. Lee had failed to deposit a bond as required by Tennessee Rule of Civil Procedure 62.05.

Ms. Lee filed a notice of appeal with this Court on February 5, 2024, and subsequently sought two extensions of time within which to file her appellate brief, which this Court granted, allowing Ms. Lee until August 30, 2024, to file her brief. On September 6, 2024, Ms. Lee had not yet filed her appellate brief, and this Court entered an order instructing Ms. Lee to file the brief within ten days of entry of the order or show cause why the appeal should not be dismissed. Ms. Lee filed her appellate brief on September 10, 2024. On September 17, 2024, Ms. Lee filed a motion for leave to file an amended brief, which was granted by order of this Court, and the amended brief was filed on September 24, 2024.

## II. Failure to Comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6

As a threshold matter, we find it necessary to address significant deficiencies in Ms. Lee's appellate brief, specifically her noncompliance with the requirements set forth in Tennessee Rule of Appellate Procedure 27(a) and Tennessee Court of Appeals Rule 6. We recognize that Ms. Lee is a *pro se* litigant and respect her decision to proceed self-represented. Regarding self-represented litigants, this Court has explained:

> *Pro se* litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden. Conducting a trial with a *pro se* litigant who is unschooled in the intricacies of evidence and trial practice can be difficult. Nonetheless, trial courts are expected to appreciate and be understanding of the difficulties encountered by a party who is embarking into the maze of the judicial process with no experience or formal training.

*Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988) (internal citations omitted). Parties proceeding without benefit of counsel are "entitled to fair and equal

treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). This Court must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id.* Furthermore, "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *See Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009) (quoting *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000)).

Tennessee Rule of Appellate Procedure 27 succinctly and clearly outlines the elements required for a brief on appeal:

(a)  Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1)  A table of contents, with references to the pages in the brief;

(2)  A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

* * *

(4)  A statement of the issues presented for review;

(5)  A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6)  A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7)  An argument, which may be preceded by a summary of argument, setting forth:

(A)  the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

3

(B)     for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues) . . . .

(8)     A short conclusion, stating the precise relief sought.

Similarly, Tennessee Court of Appeals Rule 6 provides in pertinent part:

(a)     Written argument in regard to each issue on appeal shall contain:

(1)     A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.

(2)     A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3)     A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4)     A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

(b)     No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded.  No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Considering and respecting Ms. Lee's *pro se* status, we must still conclude that her appellate brief is deficient with respect to every one of the above-listed requirements.  Ms. Lee's brief is written in the format of a letter addressed to this Court and lacks the required sections with appropriate headings required of an appellate brief.  *See generally* Tenn. R. App. P. 27(a).  Specifically, Ms. Lee's brief does not contain either a table of contents with references to pages in the brief, as required by Rule 27(a)(1), or a table of authorities as required by Rule 27(a)(2).  Additionally, the brief lacks a statement of the issues presented

4

for review and a statement of the case as required by Rule 27(a)(4) and (5) respectively. Furthermore, there is no separate argument section as required by Rule 27(a)(7), and nowhere in the brief does Ms. Lee state her reasons for appealing the trial court's decision or provide the applicable standard of review or citations to the record as required by Rule 27(a)(7)(A) and Rule 6(a)(1)-(4).

Regarding the inclusion of a facts section, which is required by Rule 27(a)(6), Ms. Lee does narrate certain facts concerning her time living in the FCD "Group Home," beginning in 2021. With these facts, Ms. Lee appears to be outlining her grievances regarding the living conditions there. Ms. Lee avers that when she moved in to "Group Home #19," she was "very much uncomfortable with what the tenants [were] doing" and that "we moved into Hotel . . . because of House Regulations of codes, water, electricity and management of Discrimination." She continues that there was "only (1) mailbox for 7 people" and avers that her "reputation was[] tarnished" and that she "never received mail." She further avers: "When I started reaching out they (Evicted) me." According to Ms. Lee, after she moved to "another Group Home down the street" "due to a probation period that was put on my record of Application that lasted for me to not (Report) House-Codes of Group Home Policy . . . I was re-taliated even more[.]" Ms. Lee then recounts further trouble, including that she "had a Data Breach" of her Social Security and "had a Tenant to stalk me with (19) police reports," which "ruined my credentials." Ms. Lee does not provide any citations to the record to support these alleged facts, and she further provides no legal authority for any argument.

As this Court has previously explained regarding proper citations to the record and to legal authority in an appellate brief:

> Our Courts have "routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as described by Rule 27(a)(7) constitutes a waiver of the issue[s] [raised]." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000). In *Bean*, we went on to hold that "an issue is waived where it is simply raised without any argument regarding its merits." *Id*. at 56; *see also Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (holding that the failure of a party to cite to any authority or to construct an argument regarding his or her position on appeal constitutes waiver of that issue). As we stated in *Newcomb*, a "skeletal argument that is really nothing more than an assertion will not properly preserve a claim." *Newcomb*, 222 S.W.3d at 400. It is not the function of this Court to verify unsupported allegations in a party's brief or to research and construct the party's argument. *Bean*, 40 S.W.3d at 56.

*Chiozza*, 315 S.W.3d at 489.

In the instant case, the deficiencies within Ms. Lee's brief are sufficiently significant such that it is impossible for this Court to discern (1) what error Ms. Lee is attempting to ascribe to the trial court, (2) what relief she is seeking in this appellate review, and (3) upon what grounds and legal basis her appellate brief has been filed. As such, we are unable to conduct a meaningful review. As this Court determined in *Murray v. Miracle*, 457 S.W.3d 399, 402 (Tenn. Ct. App. 2014):

> We are not unmindful of Plaintiffs' pro se status and have attempted to give them the benefit of the doubt whenever possible. Nevertheless . . . we will not dig through the record in an attempt to discover arguments or issues that Plaintiffs may have made had they been represented by counsel. To do so would place Defendants in a distinct and likely insurmountable and unfair disadvantage as this Court would be acting as Plaintiffs' attorney.

Similarly, here, we cannot unfairly disadvantage FCD by digging through the record to locate and verify Ms. Lee's assertions on appeal. To do so would be tantamount to serving as Ms. Lee's attorney. *See id*.

Moreover, this Court has previously explained that it is "under no duty to verify unsupported allegations in a party's brief, or for that matter consider issues raised but not argued in the brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (citation omitted). Our Supreme Court has also instructed:

> It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.

*Sneed v. Bd. of Prof'l Responsibility of Sup. Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). Although we may suspend the requirements of Rule 27 for "good cause," "the Supreme Court has held that it will not find this Court in error for not considering a case on its merits where the plaintiff did not comply with the rules of this Court." *Bean*, 40 S.W.3d at 54-55. Therefore, to the extent that Ms. Lee has stated any appealable issues in her appellate brief, such issues are deemed waived. *See id.*

## III. Conclusion

For the reasons stated above, any issues that may have been successfully raised by Ms. Lee are deemed waived for failure to comply with the Tennessee Rules of Appellate Procedure

and the Tennessee Court of Appeals Rules, and the appeal in this matter is accordingly dismissed. This case is remanded to the trial court for enforcement of its judgment and collection of costs assessed below. Costs on appeal are assessed to the appellant, Darlene Lee.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE